IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RODNEY BAKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 11-560-GPM |
| | ) |
| AMSTED RAIL, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion of Plaintiff Rodney Baker for remand of this case to state court (Doc. 5). Baker, a former employee of Defendant Amsted Rail ("Amsted"), alleges that he was injured on the job while working at Amsted's facility in Granite City, Illinois. Baker alleges further that he was terminated by Amsted for filing a workers' compensation claim in connection with his on-the-job injury, in violation of Illinois law. *See Kelsay v. Motorola, Inc.*, 384 N.E.2d 353, 357-58 (Ill. 1978) (termination of an employee for filing a claim under the Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.*, violates the public policy of the State of Illinois and is actionable as a tort). Baker filed this action originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Amsted now has removed the case to this Court as a case arising under the Constitution, laws, or treaties of the United States because the conditions under which Baker lawfully can be terminated from his employment with Amsted are governed by the terms of a collective bargaining agreement ("CBA") between Amsted and the United Steelworkers of America, Local Union No. 1063. Baker has moved for remand of the case to state court for lack of federal subject matter jurisdiction. The motion has been fully briefed, and the Court now rules as follows.

Removal is governed by 28 U.S.C. § 1441, which provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). In other words, "[a] defendant may remove a case to federal court only if the federal district court would have original subject matter jurisdiction over the action." *Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 653 (7th Cir. 2005), *vacated on other grounds*, 548 U.S. 901 (2006). *See also Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir.2004) (removal is proper if it is based on permissible statutory grounds and if it is timely). The party seeking removal has the burden of establishing federal jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Welch v. Norfolk S. Ry. Co.*, Civil No. 09-209-GPM, 2009 WL 2365596, at *1 (S.D. Ill. May 27, 2009). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Vogel v. Merck & Co.*, 476 F. Supp. 2d 996, 998 (S.D. Ill. 2007) (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Said differently, "there is a strong presumption in favor of remand." *Bourda v. Caliber Auto Transfer of St. Louis, Inc.*, Civil No. 09-519-GPM, 2009 WL 2356141, at *2 (S.D. Ill. July 31, 2009) (citing *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976)). *See also Stephens v. A.W. Chesterton, Inc.*, Civil No. 09-633-GPM, 2009 WL 3517560, at *1 (S.D. Ill. Oct. 22, 2009) ("Any doubts about the propriety of removal must be resolved against removal and in favor of remand to state court."); *Littleton v. Shelter Ins. Co.*, No. 99-912-GPM, 2000 WL 356408, at *1 (S.D. Ill. Mar. 9, 2000) ("The removal statute, 28 U.S.C. § 1441, is construed narrowly, and doubts concerning removal are resolved in favor of remand.").

The central issue before the Court is whether this case arises under federal law and thus is removable to federal court. In general, of course, district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The usual test of whether an action arises under federal law for purposes of so-called "federal question" jurisdiction under Section 1331 is the "well-pleaded complaint" rule, which provides generally that a case arises under federal law within the meaning of the statute only when federal law appears on the face of a plaintiff's complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Bastien v. AT & T Wireless Servs., Inc.*, 205 F.3d 983, 986-87 (7th Cir. 2000). In a limited class of cases, however, an action may arise under federal law within the meaning of 28 U.S.C. § 1331 even if the complaint in the case asserts no claim for relief under federal law where state law is "completely preempted" by federal law. Complete preemption occurs when "the preemptive force of a [federal] statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Nelson v. Stewart*, 422 F.3d 463, 466-67 (7th Cir.2005) (quoting *Caterpillar*, 482 U.S. at 393). "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id*. at 467. "In such situations, the federal statute not only preempts state law but also authorizes removal of actions that sought relief only under state law." *Id*. (quotation and brackets omitted). The Supreme Court of the United States has found complete preemption as to the Labor Management Relations Act of 1947 (also known as the Taft-Hartley Act) ("LMRA"), 29 U.S.C. § 141 *et seq*., and in particular 29 U.S.C. § 185. *See Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists & Aerospace Workers*, 390 U.S. 557, 559-60 (1968). That statute provides, in relevant part, that "[s]uits for violation of contracts between an employer and a labor organization

representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties[.]" 29 U.S.C. § 185(a). Section 301 of the LMRA expresses a federal policy that the substantive law to apply in LMRA cases "is federal law, which the courts must fashion from the policy of our national labor laws." *Textile Workers Union of Am. v. Lincoln Mills of Ala.*, 353 U.S. 448, 456 (1957). Accordingly, the statute is a congressional mandate to the federal courts to fashion a body of federal common law to address disputes arising out of labor contracts. *See id*.

Amsted's contention that Baker's retaliatory discharge claim under Illinois law is completely preempted by the LMRA for purposes of removal to federal court founders for two reasons. First, 28 U.S.C. § 1445 provides, in relevant part, that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Because claims for retaliatory discharge under Illinois law are brought pursuant to the authority of the IWCA, removal of such cases is barred by Section 1445(c). *See Rodkey v. W.R. Grace & Co.*, 764 F. Supp. 1313, 1314 (N.D. Ill. 1991) (an employee's claim that he was discharged in retaliation for filing a workers' compensation claim, in contravention of Illinois law, was not removable under the express provision of Section 1445(c)); *Rosell v. Roadway Express, Inc.*, 702 F. Supp. 681, 682-83 (N.D. Ill. 1988) (a complaint which alleged that the termination of the plaintiff's employment was due to the fact that he had filed a claim for workers' compensation for injuries received at work arose under the workers' compensation law of the state of his employment and thus was nonremovable under Section 1445(c)); *Alexander v. Westinghouse Hittman Nuclear Inc.*, 612 F. Supp. 1118, 1121-22 (N.D. Ill. 1985) (an action brought against a former employer charging that an employee's firing was in retaliation for his having expressed rights under the IWCA was improvidently removed in light of Section 1445(c), which provides that civil

action in any state court arising under the workers' compensation laws of a state may not be removed to a federal district court). Second, claims for retaliatory discharge under Illinois law exist independently of a CBA or any other private contract and therefore are outside the scope of the LMRA. *See Lopez v. Ford Motor Co.*, No. 87 C 1606, 1987 WL 12202, at *2 (N.D. Ill. June 4, 1987) ("[T]ort claims for discharge in retaliation for exercising rights under the [IWCA] brought by union members under Illinois law fall outside the preemptive sphere of [the LMRA]"); *Orsini v. Echlin, Inc.*, 637 F. Supp. 38, 40 (N.D. Ill. 1986) ("[T]he gravamen of the cause of action [for retaliatory discharge] rests in the [IWCA] and *not* in the existence of a CBA. Any such union-employer agreement is an irrelevancy for the aggrieved Illinois worker – it matters not a whit whether his or her employer is or is not a party to one.") (emphasis in original); *Gonzalez v. Prestress Eng'g Corp.*, 503 N.E.2d 308, 312-13 (Ill. 1986) (a tort claim for retaliatory discharge for exercising rights under the IWCA brought by a union member under Illinois law is based upon a state public policy conferring upon all employees and employers certain nonnegotiable rights and imposing certain nonnegotiable duties and obligations, regardless of whether employees are covered by a CBA or not, and thus, a retaliatory discharge claim is not preempted by the LMRA); *Midgett v. Sackett-Chicago, Inc.*, 473 N.E.2d 1280, 1284 (Ill. 1984) (holding that there is "an important public interest" in preventing discharges in retaliation for the exercise of rights under the IWCA, and this interest requires recognition of a claim for retaliatory discharge regardless of whether or not a CBA is in place). In sum, this case will be remanded to state court for want of federal subject matter jurisdiction.[1]

---

1.  The Court notes that it appears that this case is within federal subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. However, Amsted's notice of removal does not allege Section 1332 as a basis for the Court's jurisdiction, and it is too late for Amsted to amend its notice of removal to assert diversity jurisdiction. *See Alsup v. 3-Day Blinds, Inc.*, 435 F. Supp. 2d 838, 844 n.2 (S.D. Ill. 2006) (collecting cases).

To conclude, Baker's motion for remand in this case to state court (Doc. 5) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this action is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of federal subject matter jurisdiction. The Clerk of Court is directed to transmit a copy of this order to the clerk of the state court and to close the file of this case.

**IT IS SO ORDERED.**

DATED: September 15, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge